UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-14052-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHARLES ANTHONY GIOVINCO,

    Defendant.
_____/



FILED by ___ D.C.

NOV 26 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR RELIEF FROM FINAL JUDGMENT PURSUANT TO RULE 60(b)(6), FED.R.CIV.P. (DE 37)

**THIS CAUSE** comes before this Court upon the above Motion. Having reviewed the Motion, Response, and Reply, this Court recommends as follows:

### BACKGROUND

1. The Government indicted the Defendant for the crimes of enticement of a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b) (Count I) and of child pornography possession in violation of 18 U.S.C. § 2252(a)(4)(B) (Count II). The Defendant pled guilty as charged at a Change of Plea Hearing held before the undersigned. There was no written plea agreement. After conducting a thorough Rule 11 inquiry, the undersigned found the Defendant's plea to be knowing, voluntary, and valid, and recommended to the District Court that the plea be accepted. The District Court adopted that Report and Recommendation and accepted the Defendant's guilty plea.

2. Sentencing took place at a hearing held February 17, 2009. A Sentencing Guidelines Range of 188-235 months applied. The Defendant, through his lawyer, argued for a downward departure, to be sentenced to the statutory minimum of 120 months. The Defendant, himself, expressed to the Court his "great remorse for my conduct in this horrible crime" and his "overwhelming guilt for not only what" he did but how it affected his loved ones". He regretted his "momentary lapse in judgment" and he expressed a new understanding of how his crime, while in one sense passive, still was not victimless.

3. The District Court denied his request for a downward variance. The District Court regarded the Defendant's offenses as less benign than how his arguments characterized them. The District Court sentenced the Defendant to 235 months' imprisonment, at the high end of the Sentencing Guidelines Range. This sentence consisted of 235 months for Count I and 120 months for Count II, to run concurrently.

4. Judgment was rendered on February 18, 2009. The Defendant did not appeal. Nor did he pursue § 2255 habeas corpus relief.

5. He now seeks to set aside his conviction on Count I pursuant to Rule 60(b)(6), Fed.R.Civ.P. He argues that the circumstances that led up to his conviction on that count give rise to the extraordinary circumstances needed for such relief.

He argues that his actual participation in the offense was limited to fantasy speech. He denies going so far as to take any overt action. Instead, he argues, it was the undercover law enforcement officer who sought to induce overt actions and to entrap him. The UC then fabricated the extent of his actions to suggest greater activity on his part than what really happened. As an example he emphasizes that while he did act to reserve a hotel room for the UC and purported daughter, he very quickly, just a few minutes later, reversed course and cancelled all such plans. He claims actual innocence.

6.  This Court assumes for instant purposes that Rule 60(b), which is a rule of Federal Civil Procedure, applies to the Defendant's criminal case and conviction. Cf. U.S. v. Davenport, 668 F.3d 1316 (11th Cir. 2012) (analyzing the merits of a defendant's Rule 60(b) motion to set aside a criminal forfeiture order).

## DISCUSSION

7.  To obtain Rule 60(b) relief, the Defendant must demonstrate both timeliness and satisfaction of one of Rule 60(b)'s six grounds. Regarding timeliness, Rule 60 does not set forth a specific deadline. Instead, at subsection (c)(1), it requires that the motion be filed "within a reasonable time". Both parties address the timeliness requirement. The Government contends that the motion is untimely. The Government emphasizes

how five years after his conviction and sentencing when the Defendant for the first time now calls the UC's affidavits into question. The Defendant argues that the delay is reasonable given the limitations related to incarceration and to his lack of legal knowledge.

8.  This Court does not find the Motion to be filed within a reasonable time of final judgment. First, as the Government emphasizes, the Motion does not rest on anything new, e.g., newly discovered evidence. Instead it rests on the UC's affidavits that underlay the criminal proceeding. If those affidavits were false---if they overstated the Defendant's actions---then it was the Defendant who was in the best position to see that. The time for challenging those affidavits---in effect, to challenge the Government's case against him---was when the criminal case was pending. Second, the Defendant's descriptions of his post-judgment activities suggest a greater degree of activity than his complaints about the limitations of his circumstances would suggest. He continually monitored the Criminal Law Reporter. He wrote the Attorney General to complain about the criminal proceeding against him. In May 2011 he wrote a private attorney to complain about the criminal proceeding against him. In February 2013 he wrote his defense attorney seeking help. This Court therefore finds that the Motion is untimely.

9. Nevertheless, even if it could be considered timely, the Defendant still would fail to demonstrate a basis for relief on the merits. The Defendant shows neither fraud, misrepresentation, or misconduct to warrant relief under Rule 60(b)(3) or an extraordinary circumstance to warrant relief under the catch-all "other reason that justifies relief" of Rule 60(b)(6). As noted above, the Defendant's challenge to his conviction amounts to a challenge to the Government's case. He is estopped from doing so, however. He pled guilty to the charges, and as the plea colloquy shows---and as his recitation of guilt at the sentencing hearing confirms---his plea was knowing, voluntary, and valid. He may not now, after the fact, challenging the UC's affidavits (of which he already had full knowledge at the time of his change of plea) and from asserting innocence. See Wilson v. U.S., 962 F.2d 996 (11th Cir. 1992), U.S. v. Thomas, 270 Fed.Appx. 809 (11th Cir. 2008), Balbuena v. U.S., 2011 WL 6025656, *11 (S.D.Fla. 2011). See generally, U.S. v. Felix, 497 Fed.Appx. 942, 949-51 (11th Cir. 2012) (discussing the preclusive effect of a guilty plea deemed valid under Federal law in the § 2255 context). Florida has the same rule. See Stano v. State, 520 So.2d 278, 280 (Fla. 1988) (denying post-conviction relief and affirming that a valid guilty "plea cuts off inquiry into all that precedes it.").

10. In its Response the Government emphasizes the preclusive effect of the Defendant's valid plea. The Government goes on to explain how the factual predicate of its case-in-chief satisfies the legal elements of an 18 U.S.C. § 2422(b) offense and supports the conviction.

11. Undermining the Defendant's claim for relief is his assertion, made in his Reply, that he had informed his defense attorney of the shortcomings of the UC's affidavits. This assertion demonstrates that not only should the Defendant have known of any perceived defects in the UC's affidavits before he pled guilty, but that he actually did know of them and took direct action on them.

12. The overall focus of the Motion does not concern his defense attorney or any alleged shortcomings of the representation. To the extent he does fault his defense attorney, this Court adds that Rule 60(b) cannot be used to circumvent 28 U.S.C. § 2255 as a means to secure post-conviction, collateral relief. See Franqui v. Florida, 638 F.3d 1368, 1371 (11th Cir. 2011) and Williams v. Chatman, 510 F.3d 1290 (11th Cir. 2007).

13. The Defendant falls far short of the extraordinary circumstances need to justify reopening a final judgment. See generally, Arthur v. Thomas, 739 F.3d 611, 628 (11th Cir. 2014) and McCloud v. U.S., 2011 WL 9615 (S.D.Ga. 2011) (discussing the

Rule 60(b)(6) standard for relief and applying it in the context of a request for relief based on a change in law).

**ACCORDINGLY**, this Court recommends to the District Court that the Motion to Set Aside Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) be **DENIED**.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case. Failure to file timely objections shall bar the parties from a de novo determination by the District Court of the issues covered in this Report and Recommendation and bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 749-50 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this ___ day of November, 2014.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

cc: Hon. K. Michael Moore
Carmen M. Lineberger, AUSA

Charles Anthony Giovinco, pro se
Federal Register # 76074-004
Inmate Mail
Federal Correctional Institution - Danbury
33 ½ Pembroke Rd.
Danbury, CT  06811-3099